## The County of Kankakee v. The Town of Manteno.

1. PAUPERS—*Application of Special Acts.*—The act of February 20, 1861, entitled, " An act to require each town of Kankakee county to take care of its poor," does not apply to a poor person who is not within the statutory definition of a pauper.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

H. K. WHEELER and J. BERT MILLER, attorneys for appellant.

HARRISON LORING, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellant to recover from the town of Manteno $72 for the board and care of one Henry Codiere, furnished at the county poorhouse.

Upon a trial without a jury, the court found for the defendant and rendered judgment accordingly.

The facts as disclosed by the evidence are that Codiere, who was a common laborer, without a family and without property, and a resident of the town of Manteno, was injured by a freight train on the Illinois Central Railroad at that place while attempting to cross the track; that he was placed aboard a train and taken to Kankakee, a distance of nine miles, and that from there he was taken to the county poorhouse, where his leg was amputated and where he remained until he died. It does not appear that he was taken to the poorhouse with the knowledge or consent of any officer of the town of Manteno, nor does it appear that he had ever, up to the time of the accident which resulted in his death, been a pauper charge.

No point was raised as to the charge being reasonable, and

the only question involved is, whether the county can recover against the town of Manteno for the board and care of Codiere while he was an inmate of the county poorhouse.

In the case of Scobey v. Town of Manteno, 56 Ill. App. 336, a suit to recover for services in assisting to amputate Codiere's leg, the facts of this case were before us. We were then of the opinion that Codiere did not come under the ordinary definition of "pauper," but came within the class provided for in section 24 of the pauper act, Chap. 107 Rev. Stat., which reads:

" When a non-resident, or any person not coming within the definition of a pauper of any county or town, shall fall sick, not having money or property to pay his board, nursing or medical aid, the overseers of the poor of the town or precinct in which he may be shall give or cause to be given to him, such assistance as they may deem necessary and proper, or cause him to be conveyed to his home, subject to such rules and regulations as the county board may prescribe, and if he shall die, cause him to be decently buried."

We are of the opinion that all cases coming within that section are county charges.

Appellant claims, however, that its right to recover is based upon a special act of the General Assembly passed February 20, 1861, entitled, " An act to require each town of Kankakee county to take care of its poor."

The first section of the act provides that " the several towns now created or that may be hereafter created in the county of Kankakee be and they hereby are empowered and required to support all paupers residing within their respective limits out of the treasury thereof."

That act was passed prior to the last general revision of our statutes. It is contended by appellee that by the revision of the pauper act (Chap. 107, Rev. Stat.) the towns of Kankakee county were relieved from the care of that class of persons who do not come within the definition of pauper. This seems to us a proper ground for contention.

But a careful and proper construction of the act of 1861

leads us to the conclusion that it was not intended by that act that persons belonging to the class of which Codiere was one should be a charge against the town.

The judgment of the Circuit Court was right.